**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

**MICHAEL LEE GORDON,**           :

    **Petitioner**           :      CIVIL ACTION NO. 3:11-1595

    **v.**           :           **(NEALON, D.J.)**
                                                   **(MANNION, M.J.)**

**UNITED STATES OF AMERICA,**    :

    **Respondent**           :

## REPORT AND RECOMMENDATION[1]

On August 25, 2011, the petitioner filed a document designated as a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241, (Doc. No. 1). On November 14, 2011, the petitioner filed a proper application to proceed *in forma pauperis*. (Doc. No. 5). On December 16, 2011, the court issued an administrative notice in accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999), advising the petitioner that: (1) he could have the petition ruled on as filed; (2) have his petition re-characterized as a §2255 motion and heard as such, but lose his ability to file a second or successive petition absent certification by the court of appeals; or (3) withdraw his petition and file one all-inclusive §2255 motion within the one-year statute of limitations period prescribed by the Antiterrorism and Effective Death Penalty Act, ("AEDPA"), Pub. L. No. 104-132, Title 1, §§101-108, 110 Stat. 1214, 1217-21 (1996).

---

[1]For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

(Doc. No. 6). The petitioner was given forty-five (45) days within which to make his election. As of the date of this report, the petitioner has failed to respond to the court's Miller notice. As a result, the court will rule on the petition as filed.

Upon review of the instant action, the petitioner was convicted in 1999 in the United States District Court for the Southern District of Ohio, Eastern Division, on seven counts under the Hobbs Act, 18 U.S.C. §1851, and seven counts of using a firearm in the commission and during a crime of violence, 18 U.S.C. §924(c). The petitioner is challenging the consecutive nature of his sentences for his convictions under §924(c) in light of the United States Supreme Court's decision in Abbott v. United States,    U.S.    , 130 S.Ct. 2169 (2010). Petitioner argues that Congress has adopted a "no stacking" rule for convictions of multiple counts under §924(c). In light of Abbott, the petitioner argues that he is entitled to be re-sentenced on his §924(c) convictions.

"Motions pursuant to 28 U.S.C. §2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). A petitioner, however, may challenge a conviction pursuant to §2241 where a §2255 motion would be inadequate or ineffective. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). Lack of success in a previous §2255 motion, without more, does not render §2255 inadequate or

ineffective, nor do the AEDPA's restrictions on filing successive §2255 motions. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id. at 538. The Third Circuit has found §2255 inadequate or ineffective in the "unusual" situation, where a petitioner "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." Dorsainvil, 119 F.3d at 251; see Okereke, 307 F.3d at 120.

In this case, the petitioner has not shown that the decision in Abbott has rendered his remedies pursuant to §2255 inadequate or ineffective such that he would be allowed to proceed pursuant to §2241.

Moreover, even if the petitioner could proceed by way of §2241, his claim has no merit. To this extent, the Supreme Court indicated in Abbott that there was to be no stacked sentences for a single offense of possessing a firearm in furtherance of a crime of violence. Abbott, 131 S.Ct. at 23. "For example, the mandatory minimum sentence for a §924(c) offense is five years, but if the firearm is brandished, the minimum rises to seven years and if the firearm is discharged, to ten years." Id. (citing 18 U.S.C. §924(c)(1)(A)(I), (ii), (iii)). If the sentencing court were required to stack the sentences for each offense, a defendant who possessed, brandished, and discharged a firearm in connection with a crime of violence would be subject to a 22-year mandatory minimum sentence. The Court found, however, that Congress

3

included a provision in §924(c), referred to as the "except" clause, which would prevent such a result and would provide that the mandatory minimum sentence for a defendant who "possessed, brandished, and discharged a gun . . . would be 10 years, not 22." Id. This provision, however, does not prevent a defendant from being sentenced to separate mandatory minimum sentences if he is convicted of separate offenses under §924(c). Here, the Court stated that a defendant who is "subject to a mandatory, consecutive sentence for a §924(c) conviction . . . is not spared from that sentence by virtue of receiving a higher mandatory minimum on a different count of conviction." Id. at 23.

Here, the petitioner was convicted on seven separate counts of §924(c) violations. Nothing in §924(c) prevented the sentencing court from running the sentence on each of those counts consecutive to the others.

On the basis of the foregoing, **IT IS RECOMMENDED THAT:**

the petition for writ of habeas corpus, **(Doc. No. 1)**, be **DISMISSED.**

                                                                              s/ *Malachy E. Mannion*
                                                                              **MALACHY E. MANNION**
                                                                              **United States Magistrate Judge**

**Date:  March 20, 2012**

O:\shared\REPORTS\2011 Reports\11-1595-01.wpd