IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL LEE GORDON,  :  <br> Petitioner  : | NO. 3:11-CV-1595 |
| : | |
| v.  : | (JUDGE NEALON) |
| : | (MAGISTRATE JUDGE MANNION) |
| UNITED STATES OF AMERICA,  : | |
| Respondent  : | |

## MEMORANDUM

On August 25, 2011, Petitioner, Michael Lee Gordon, an inmate who was confined at the United States Penitentiary in Lewisburg, Pennsylvania but was subsequently transferred to the United States Penitentiary in Atlanta, Georgia, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his consecutive sentences in light of the decision of the United States Supreme Court in Abbott v. U.S., U.S. , 131 S. Ct. 18 (2010). (Doc. 1). Magistrate Judge Malachy E. Mannion filed a Report and Recommendation (R&R) on March 27, 2012, recommending that the petition be dismissed. (Doc. 8). No objections have been filed to the R&R which is now ripe for disposition. For the reasons stated below, the R&R will be adopted.

## Standard of Review

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. 28 U.S.C. § 636(b)(1)(c); Thomas v. Arn, 474 U.S. 140, 152 (1985). Nevertheless, the Third Circuit has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied 484

FILED
SCRANTON
APR 3 0 2012

PER _____
DEPUTY CLERK

U.S. 837 (1987); Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(c); Local Rule 72.3.

**Discussion**

After review, this Court finds no error in the R&R. See (Doc. 8). Magistrate Judge Mannion first determined that Petitioner has not shown that his remedies pursuant to § 2255 are inadequate or ineffective such that Petitioner should be allowed to proceed under § 2241. (Doc. 8, p. 3). Further, the Magistrate Judge analyzed Petitioner's convictions and sentence under the Abbott decision and determined that Petitioner was convicted on seven separate counts of 18 U.S.C. § 924(c) violations and nothing in § 924(c) prevented the sentencing court from consecutively running the sentences on each count. (Doc. 8, p. 4). Accordingly, the Magistrate Judge recommends dismissing the petition for writ of habeas corpus. (Doc. 8, p. 4).

After an independent examination, it is determined that Magistrate Judge Mannion's recommendations are legally sound. Review of a petition filed pursuant to 28 U.S.C. § 2241 is limited to circumstances where the remedy available under section 2255 is inadequate or ineffective to test the legality of detention. See 28 U.S.C. § 2255(e); O'Kereke v. U.S., 307 F.3d 117, 120 (3d Cir. 2002) (explaining that this exception is extremely narrow). "A motion under § 2255 is inadequate or ineffective 'only where the petitioner demonstrates that some limitation of

scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his claim of wrongful detention.'" Yuzary v. Samuels, 269 Fed. Appx. 200, 201 (3d Cir. 2008) (quoting Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002)). Importantly, "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Id.; In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). Here, Petitioner has made no showing or argument as to why Section 2255 is ineffective or inadequate. See (Doc. 1). Accordingly, his motion under Section 2241 fails.

**Conclusion**

After review, this Court will adopt the R&R and the petition for writ of habeas corpus will be dismissed. A separate Order will be issued.

Date: April 30, 2012

_____
United States District Judge